## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA STALNAKER, | CIVIL DIVISION |
| Plaintiff, | No: 1:26-cv-0050-SPB |
| v. | Judge Susan Paradise Baxter |
| PARTNERS FOR PERFORMANCE, INC., ERIC HENRY, WAYNE BROSIUS, and JILL FOYS, | **ELECTRONICALLY FILED** |
| Defendants. | **JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW come Defendants, PARTNERS FOR PERFORMANCE, INC. ("PFP"), ERIC HENRY, WAYNE BROSIUS and JILL FOYS, by and through their attorneys, MARSHALL DENNEHEY, P.C. and ESTELLE K. MCGRATH, ESQUIRE, and file their ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, and state in support thereof the following:

1. The averments of Paragraph 1 are admitted.

2. The factual averments of Paragraph 2 are admitted concerning PFP being a domestic non-profit corporation and its address. The remaining averments constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied and strict proof thereof is demanded.

3. The averments of Paragraph 3 are admitted that Mr. Henry is the Board President of PFP. All further allegations are conclusions of law to which is no response is required and strict proof demanded.

4. The averments of Paragraph 4 are admitted in part and denied in part. It is admitted that Wayne Brosius is a board member of PFP. It is denied that he resides in Crawford County.

5. The averments of Paragraph 5 are admitted in part and denied in part. It is admitted that Jill Foys is the Executive Director of Northwest Pennsylvania Regional Planning and Development Commission. It is denied that she resides in Venango County. It is specifically denied that she "participated in the management of PFP". All further allegations are denied and strict proof is demanded.

6. The averments of Paragraph 6 are admitted in part and denied in part. It is admitted that Plaintiff was employed with PFP. It is denied that she was terminated in retaliation for a good faith report to the employer in violation of the Pennsylvania Whistleblower Law. Strict proof is demanded.

7. The averments of Paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied and strict proof is demanded.

8. The averments of Paragraph 8 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied and strict proof is demanded.

9. The averments of Paragraph 9 are denied and strict proof is demanded. Further, the averments of Paragraph 9 have no relevance on Plaintiff's claim.

10. The averments of Paragraph 10 are admitted to the extent that Plaintiff was appointed as an Interim Director for PFP.

11. The averments of Paragraph 11 are denied as stated and strict proof is demanded.

12. The averments of Paragraph 12 are denied as stated and strict proof is demanded.

13. The averments of Paragraph 13 are denied as stated and strict proof is demanded.

14. The averments of Paragraph 14 are denied as stated and strict proof is demanded.

Further, the averments constitute conclusions of law to which no response is required. To extent a response is required, the same are denied and strict proof is demanded.

15. The averments of Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied and strict proof is demanded.

16. The averments of Paragraph 16 are denied and strict proof is demanded to the extent that Plaintiff "reported" the Sunshine Law and conflict of interest violations. The remaining allegations are denied as stated and strict proof is demanded.

17. The averments of Paragraph 17 constitute conclusions of law to which no response is acquired. To the extent a response is required, the same are denied and strict proof is demanded.

18. The averments of Paragraph 18 are denied as stated and strict proof is demanded.

19. The averments of Paragraph 19 are denied as stated and strict proof is demanded.

20. The averments of Paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied and strict proof is demanded.

**COUNT I – LISA STALNAKER V PARTNERS FOR PERFORMANCE – VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW 43 P.S. §§1421-1428**

21. Defendants hereby incorporate the answers in Paragraphs 1 through 20 as if fully set forth herein.

22. The averments of Paragraph 22 constitute conclusions of law to which no response is required. To the extent a response is required, the same are denied and strict proof is demanded.

WHEREFORE, PFP denies that it violated the Pennsylvania Whistleblower Law and therefore respectfully requests that Plaintiff's Count I be dismissed in its entirety with prejudice.

**COUNT II – LISA STALNAKER V ERIC HENRY, WAYNE BROSIUS AND JILL FOYS – 42 U.S.C. §1983 – VIOLATION OF THE RIGHTS OF PLAINTIFF UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

23.-26. Pending a Partial Motion to Dismiss.  No response is required.

**COUNT III – LISA STALNAKER V ALL DEFENDANTS – WRONGFUL DISCHARGE IN VIOLATION OF THE PUBLIC POLICY OF THE COMMONWEALTH**

27.-30.  Pending a Partial Motion to Dismiss. No response is required.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee who was aware of Partners for Performance's policies.

### SECOND AFFIRMATIVE DEFENSE

Partners for Performance had legitimate, non-retaliatory business reasons for terminating Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to plead facts that establish a casual connection between her alleged report of wrongdoing and the alleged retaliatory action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to plead the *prime facie* "wrongdoing" or "substantial" waste in accordance with the Whistleblower Law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to plead any retaliatory motive to support liability under the Whistleblower Law against Partners for Performance.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, if found to have reported the "waste/wrongdoing" did not act in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

Partners for Performance's actions were justified.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, sufferings and/or damages, if any, were caused by her own conduct and not by any violation on part of the Defendants.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted without malicious intent and acted in good faith and with reasonable justification or belief in the legality and lawfulness of their actions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to file a written Whistleblower Complaint with the Board President in compliance with Partners for Performance's policies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to report any harassment or retaliation in accordance with Partners for Performance's policies.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants did not discriminate nor retaliate against Plaintiff as a result of any protected activities.

## THIRTEENTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiff suffered damages, which Defendants specifically deny, Plaintiff's damages are barred in whole and/or in part by the failure of Plaintiff to mitigate her damages.

      Respectfully submitted,

      **MARSHALL DENNEHEY, P.C.**

BY: *s/ Estelle K. McGrath*
   ESTELLE K. McGRATH, ESQUIRE
   PA I.D. #87799
   **Counsel for Defendants**
   Union Trust Building
   501 Grant Street, Suite 700
   Pittsburgh, PA  15219
   (412) 803-1186 // (412) 803-1188 fax
   ekmcgrath@mdwcg.com

LEGAL/175061707.1