IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA STALNAKER,<br>　　　Plaintiff | : Case No. :1:26-cv-0050-SPB |
| v. | : SECOND AMENDED COMPLAINT<br>: IN CIVIL ACTION |
| PARTNERS FOR PERFORMANCE,<br>INC., ERIC HENRY, WAYNE BROSIUS,<br>and JILL FOYS,<br>　　　Defendants | : Filed on behalf of: Lisa Stalnaker |

:　Counsel of Record:

:　Timothy D. McNair, Esquire
:　PA ID No.: 34304
:　tmcnair@mcnairlaw.com

:　McNair Law Offices, PLLC
:　821 State Street
:　Erie, PA 16501
:　Phone: (814) 452-0700
:　Fax: (814) 454-2371

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LISA STALNAKER,<br>　　Plaintiff | : : : : : | Case No.: 1:26-cv-0050-SPB |
| v. | : : : | SECOND AMENDED COMPLAINT |
| PARTNERS FOR PERFORMANCE,<br>INC., ERIC HENRY, WAYNE BROSIUS,<br>and JILL FOYS,<br>　　Defendants | : : : : : : : : : | *Electronically Filed*<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Lisa Stalnaker, by counsel, McNair Law Offices, PLLC and claims damages and other relief from Defendants, jointly, severally, and individually, respectfully representing:

1.　This Court has jurisdiction of this matter pursuant to a Petition for Removal filed by Defendant Wayne Brosius on February 19, 2026.

2.　Plaintiff is Lisa Stalnaker, an adult individual residing at Meadville, Crawford County, Pennsylvania.

3.　Defendant Partners for Performance, Inc., ("PFP") is a Pennsylvania domestic nonprofit corporation maintaining its principal place of business at 920 Water Street, Suite 32B, Meadville, PA 16335, with a registered office at 1174 Elk Street, Franklin, Pennsylvania 16323-1277. PFP is a public body within the meaning of 43 P.S. § 1422 in that it is a body created by the Commonwealth funded through the Commonwealth or its political subdivisions.

4.      Defendant Eric Henry is the President of Defendant Partners for Performance, Inc. and resides at Crawford County, Pennsylvania. At all relevant times, Defendant Henry participated in or directed the decisions of PFP that are the subject of this Complaint.

5.      Defendant Wayne Brosius is a board member of Defendant PFP and resides at Crawford County, Pennsylvania.

6.      Defendant Jill Foys is the Executive Director of the Northwest Pennsylvania Regional Planning and Development Commission ("Northwest Commission") and resides at Venango County, Pennsylvania. At all relevant times, Jill Foys participated in the management of PFP, attending its Board meetings and privately communicating with its officers.

7.      Plaintiff was employed by Defendant PFP from October 20, 2021, when she was appointed Assistant Director until July 25, 2025, when her employment was terminated in retaliation for her good faith report to the employer or other appropriate authority of wrongdoing or waste in violation of the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428.

8.      The Whistleblower Law provides, in part: "No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste." 43 P.S. §1423(a). This is the clearly stated public policy of the Commonwealth.

2

9.      Discharge of an employee in violation of the Whistleblower Law constitutes a violation of public policy and constitutes the tort of common-law wrongful discharge. *Denton v. Silver Stream Nursing & Rehabilitation Ctr.* 1999 Pa, Super. 251, 739 A.2d 571 (1999).

10.      On May 9, 2025, PFP terminated the employment of Dr. Lisa Miller, who had served as Director for several years.

11.      On May 16, 2025, Plaintiff was appointed "Interim Director", and her salary was increased from $75,000 per year to $88,000 per year.

12.      On July 2, 2025, Defendant Henry invited Plaintiff to a meeting at a restaurant in Crawford County. Later, Defendant Henry called Plaintiff and informed her that it was a "strategic planning meeting," intended to update a plan that hadn't been updated since 2017.

13.      At the meeting, it was revealed that the meeting was called to discuss the agency business of PFP being taken over by the Northwest Commission, including all staff and the Fiscal Agent, involving over one million dollars in federal WIOA (Workforce Innovation and Opportunity Act) funds. Defendant Henry stated it was important to accomplish this while there was no one in the PFP Executive Director position. Jill Foys, a board member and Director of the Northwest Commission stated that the Northwest Commission would take over and create a workforce division in the Oil Region office. The group planned to create a subcommittee at the succeeding board meeting scheduled for July 11, 2025, to accomplish the transition.

14.      At that meeting, Plaintiff questioned the need to solicit bids for such a large transaction; Defendant Henry stated that there was no need to do that. Plaintiff

raised the issue of the conflict of interest between Jill Foys's membership on the PFP board and her position as the Director of the Northwest Commission, which would have a large financial gain with the takeover.

15.     Plaintiff told Defendants that she was uncomfortable with the board meeting and conducting business at a non-public meeting as required by the Sunshine Law. The conduct of the July 2, 2025, meeting violated the Sunshine Law requiring agencies to deliberate and take official action on the agency business in an open and public meeting with prior notice to the public and allowing public participation.  The Sunshine Law is a clear expression of the public policy of the Commonwealth requiring decisions of public bodies, such as PFP, to be made in a public setting.

16.     The actions of Defendant PFP resulting from the July 2, 2025, meeting were in violation of law and the PFP bylaws, prohibiting the provision of services by a member of an entity represented by a member. Despite the patent conflict of interest, Jill Foys participated in the meeting and was integral to the plan to shift PFP resources, assets, and personnel to the Northwest Commission.

17.     Plaintiff contacted Stephanie Fera, the attorney representing PFP to report the Sunshine Law and conflict of interest violations. Ms. Fera immediately reported Plaintiff's inquiry to Defendant Henry and Chip Abramovic, a Venango County Commissioner and Chair of the Chief Local Elected Officials. They contacted Plaintiff on July 3, 2025, repeatedly stating how disappointed they were in Plaintiff for her concern over violations of law. They stated that they needed to do best and this was the time to do it since there was no Executive Director in place at Defendant PFP. Plaintiff was told that if she wanted to look for other employment, Henry and Abramovic would be supportive. Plaintiff was not given any written notice or warning.

4

18.     After Plaintiff's contact with Defendant PFP's attorney, her work environment became hostile and PFP began to inflict a series of retaliatory acts upon Plaintiff, concluding with the termination of Plaintiff's employment for the stated reason that PFP was "moving in a different direction."

19.     On July 18, 2025, at a board meeting of Defendant, the CLEOs and board of the Northwest Commission, the board voted to make itself an advisory board to the CLEOs and decertify themselves along with the Career Links in the northwest. At that meeting, Jill Foys called an executive session. The call for an executive session was not made in good faith in that Ms. Foys moved to form a committee for the Northwest Commission takeover of which she would be the Chair. Counsel for the Northwest Commission, Joe Keebler, gave the opinion that Ms. Foys had a conflict of interest and Chair Travis Crytzler agreed. However, Ms. Foys did not provide the conflict-of-interest disclosure form required nor did she abstain from the discussion regarding her agency taking over.

20.     Plaintiff objected to the conduct of the executive session, but the board rejected her objection and stated it was a decision of commissioners of the six counties.

21.     As the result of the retaliation of Defendants, Plaintiff suffered the loss of her employment, including her salary of $88,000 per year, fringe benefits, and seniority rights. Plaintiff is entitled to an Order reinstating her to her employment, with backpay and reimbursement for any expenses not covered by benefits, compensation for front pay, compensation for emotional distress resulting from the sudden and unjustified termination of her employment, punitive damages, and costs of litigation, including attorney's fees and expenses.

## COUNT I – LISA STALNAKER V. PARTNERS FOR PERFORMANCE - VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW, 43 P.S. §§ 1421-1428.

22.     Plaintiff incorporates herein by reference the preceding averments of this Complaint as though fully set forth at length.

23.     The actions of the Defendants were undertaken in violation of the Pennsylvania Whistleblower Law and caused the damages set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of the applicable limit for mandatory arbitration, together with compensatory and punitive damages, attorney's fees and costs of litigation, and such other and further relief as the Court deems just.

## PLAINTIFF DEMANDS JURY TRIAL OF 12 ON ALL COUNTS SO TRIABLE

## COUNT II – LISA STALNAKER V. ALL DEFENDANTS – WRONGFUL DISCHARGE IN VIOLATION OF THE PUBLIC POLICY OF THE COMMONWEALTH

24.     Plaintiff incorporates herein by reference the preceding averments of this complaint as though fully set forth at length herein.

25.     The termination of Plaintiff's employment for reporting or intending to report the wrongdoing of the Defendants in violation of the Whistleblower Law constitutes Wrongful Termination under the common law of the Commonwealth of Pennsylvania.

26.     The individual Defendants directed, participated in, and cooperated in the wrongful termination of the Plaintiff.

6

27.     As the result of the wrongful termination of Plaintiff's employment by Defendants, she has suffered the damages set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of the applicable limit for mandatory arbitration, together with compensatory and punitive damages, attorney's fees and costs of litigation, and such other and further relief as the Court deems just.

**<u>PLAINTIFF DEMANDS TRIAL BY A JURY OF 12</u>**

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _s/ Timothy D. McNair_
    Timothy D. McNair, Esquire
    Pa. ID# 34304
    821 State Street
    Erie, PA 16501
    (814) 452-0700
    (814) 454-2371 (fax)
    tmcnair@mcnairlaw.com