IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LISA STALNAKER,<br>    Plaintiff | Case No.: 1:26-cv-0050-SPB |
| v. | PLAINTIFF'S BRIEF IN SUPPORT<br>OF PETITION FOR REMAND |
| PARTNERS FOR PERFORMANCE,<br>INC., ERIC HENRY, WAYNE BROSIUS,<br>and JILL FOYS,<br>    Defendants | Filed on behalf of: Plaintiff<br><br>Counsel of Record:<br><br>Timothy D. McNair, Esquire<br>PA ID No.: 34304<br>tmcnair@mcnairlaw.com<br><br>McNair Law Offices, PLLC<br>821 State Street<br>Erie, PA 16501<br>Phone: (814) 452-0700<br>Fax: (814) 454-2371<br><br><br>**JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA STALNAKER,<br>    Plaintiff | : | Case No.: 1:26-cv-0050-SPB |
| v. | : | |
| PARTNERS FOR PERFORMANCE,<br>INC., ERIC HENRY, WAYNE BROSIUS,<br>and JILL FOYS,<br>    Defendants | : | *Electronically Filed* |

## PLAINTIFF'S BRIEF IN SUPPORT OF PETITION FOR REMAND

NOW COMES the Plaintiff, Lisa Stalnaker, by counsel and files this Brief in Support of her Petition to Remand this case to the Court of Common Pleas of Venango County, Pennsylvania, respectfully requesting:

### I.    STATEMENT OF THE CASE

This case initially contained claims for violations of the Pennsylvania Whistleblower Law, violations of Pennsylvania common law regarding wrongful termination of employment, and violation of Plaintiff's First Amendment right to petition for redress of grievances.

Plaintiff initially filed her Complaint in the Court of Common Pleas of Venango County on December 9, 2025. After discussion between counsel, Plaintiff filed an Amended Complaint with that court on February 6, 2026. On February 19th, Defendant Wayne Brosius removed the case to this Court and subsequently filed a Motion to Dismiss Plaintiff's federal claim. Plaintiff is filing her Second Amended Complaint

pursuant to F.R.C.P. 15 with the instant Petition for Remand. The Second Amended complaint is properly filed pursuant to F.R.C.P. 15 as of right because is filed within 21 days of the service of a Motion pursuant to Rule 12(b), and no prior amended complaint was filed in this court. The Second Amended Complaint is devoid of any federal claims and pleads no facts or circumstances that would give this Court original jurisdiction over the case.

Since Plaintiff has chosen to withdraw her federal claim and proceed solely on her two state law claims, and because there is no longer any basis for federal jurisdiction, this case should be remanded to the Court of Common Pleas of Venango County, Pennsylvania, from which it was removed.

## II.      ARGUMENT

**THIS COURT LACKS JURISDICTION PURSUANT TO 28 U.S.C. §1367 BECAUSE THERE IS NO LONGER ANY FEDERAL CLAIM PENDING.**

In his Petition for Removal, Defendant Brosius claims that "jurisdiction in this matter lies with this Court pursuant to subject matter jurisdiction," going on to state that Plaintiff asserts a violation of her constitutional rights under the First and Fourteenth Amendments to the United States Constitution and that this Court has jurisdiction pursuant to 28 U.S.C. §1331, authorizing removal to this Court pursuant to the procedures authorized by 28 U.S.C. §1441(a). (Petition for Removal, ECF Doc. 1, ¶2).

On March 9, 2026, all Defendants filed a "Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6)." The primary thrust of the Motion to Dismiss was as to Plaintiff's federal claim, although part of the Motion argues for dismissal of the wrongful termination claim on the basis of state law. If this Court were

2

to grant the Motion in its entirety, it would be left only with Plaintiff's state law claim under the Pennsylvania Whistleblower Law, a purely state claim implicating no federal law.

Plaintiff has filed an Amended Complaint pursuant to F.R.Civ.P. 15, which eliminates entirely her federal claims, leaving only the two state law claims involving the Pennsylvania Whistleblower Act ("PWA") and the Pennsylvania common law tort of wrongful termination[1].

Under the Complaint removed to this Court by Defendant Brosius, this Court would have supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, which provides "(a)...[I]n any civil action *of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. ..." (Emphasis added).

Since the Court must have original jurisdiction over a case or controversy in order to exercise its supplementary jurisdiction, it will lose jurisdiction over a case upon removal of the claims supporting original jurisdiction, requiring remand to the state court from which it was removed.

For some time, there was a split of authority in the federal Circuits over the effect of an amendment such as Plaintiff's in this case. Under *Harper v. AutoAlliance Int'l,*

---

[1] Defendants also suggest that the state law wrongful termination claim is inadequate; based on the withdrawal of the federal claim and the lack of subject matter jurisdiction, Plaintiff respectfully suggests that the Court need not deal with that argument; it should be reserved for the Court of Common Pleas.

3

*Inc.,* 392 F. 3d 195, 210 (CA6 2004), the Sixth Circuit held that "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." In *Collura v. City of Philadelphia,* 590 Fed. Appx. 180, (CA3, 2014) the Third Circuit, in a per curiam opinion stated: "federal jurisdiction cannot be defeated by amending a complaint to eliminate federal claims after removal." This view was rejected by the Supreme Court in *Royal Canin, USA, Inc. v. Wullschleger,* 604 U.S. 22, 145 S. Ct. 41, 220 L. Ed. 2d 289 (U.S., 2025), expressly overruling *Collura (see* 604 U.S. 30, fn3.*).*

In *Royal Canin,* the Plaintiff originally filed her case in state court, alleging a variety of state and federal law violations. Defendant removed the case to federal court pursuant to 28 U.S.C. §1441(a), seeking supplemental jurisdiction over the state law claims. Wullschleger thereafter amended the complaint to eliminate all of her federal claims, and sought remand based on a lack of federal jurisdiction. The District Court denied her petition, but the 8th Circuit reversed (75 F. 4th 918). Royal Canin was granted certiorari to resolve the Circuit split and the Supreme Court held that the Plaintiff's amendment did indeed divest the District Court of jurisdiction, affirming the 8th Circuit's order remanding the case.

The same result should obtain here. Plaintiff is within her rights to amend her complaint, and the Amended Complaint contains no basis for federal question jurisdiction.

## III.    CONCLUSION

Although Plaintiff's original complaint supported federal removal jurisdiction, Plaintiff's subsequent amendment, removing all federal claims, does not. Supplemental jurisdiction is determined by the operative complaint, not the original complaint, and a subsequent amendment that eliminates the basis for federal jurisdiction requires the federal court to remand the case to the court from which it was removed.

This case should be remanded to the Court of Common Pleas of Venango County, Pennsylvania.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By:    *s/ Timothy D. McNair*
          Timothy D. McNair, Esquire
          Pa. ID# 34304
          821 State Street
          Erie, PA 16501
          (814) 452-0700
          (814) 454-2371 (fax)
          tmcnair@mcnairlaw.com

5